Paul D. Cullen, Sr. (DC Bar #100230) (pdc@cullenlaw.com)
Daniel E. Cohen (D.C. Bar # 414985) (dec@cullenlaw.com)
David A. Cohen (D.C. Bar # 481747) (dac@cullenlaw.com)
Paul D. Cullen, Jr. (D.C. Bar # 463759) (pxc@cullenlaw.com)
The Cullen Law Firm, PLLC
1101 30th Street, NW, Suite 300
Washington, D.C. 20007
(202) 944-8600
Fax (202) 944-8611
*Lead counsel, pro hac vice pending*

Brian Leighton, CA BAR #090907
Brian Leighton Law Offices
701 Pollasky Avenue
Clovis, CA 93612
(559) 297-6190
Fax (559) 297-6194
Email: bleighton@arrival.net &
        kbarker@arrival.net
*Local counsel*

**Attorneys for Plaintiffs**

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OWNER-OPERATOR INDEPENDENT DRIVERS ASSOCIATION, INC., DALE L. CURTICE, JR. d/b/a CURTICE TRUCKING, INC., NELSON GREENWADE, SR. d/b/a DREAM TEAM EXPRESS LLC, LANCE HENNING d/b/a LANCE HENNING TRUCKING, LEO T. JOLIN; BARRY VUN CANNON d/b/a NACO LLC, JOHNNY WEST,  RICHARD M. HUNTER, and RUSSELL A. SHORT,<br><br>                    Plaintiffs,<br><br>            v.<br><br>RICHARD W. COREY in his official and personal capacity as Executive Officer of the California Air Resources Board; MARY D. NICHOLS; in her official and personal capacity as Chairman of the California Air Resources Board; MATT RODRIGUEZ in his official capacity as Secretary of the California Environmental Protection Agency,<br><br>                    Defendants. | CASE NO.<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1    Plaintiffs Owner-Operator Independent Drivers Association, Inc., Dale L. Curtice, Jr. d/b/a

2  Curtice Trucking, Inc., Nelson Greenwade, Sr. d/b/a Dream Team Express LLC, Lance Henning d/b/a/

3  Henning Trucking, Leo T. Jolin, Barry Vun Cannon d/b/a NACO LLC, Johnny West, Richard M.

4  Hunter, and Russell A. Short, respectfully state the following claims for declaratory and injunctive relief

5  against Defendants Richard W. Corey, Executive Officer of the California Air Resources Board; Mary

6  D. Nichols; Chairman of the California Air Resources Board; and Matt Rodriguez, Secretary of the

7  California Environmental Protection Agency.

8    **NATURE OF THE CASE**

9    1.    This is a civil action for declaratory and injunctive relief under the Commerce Clause of

10  the United States Constitution pursuant to 28 U.S.C. §§ 1331, 1343, and 42 U.S.C. § 1983.  On January

11  1, 2012 the California Air Resources Board's Truck and Bus Regulation ("CARB regulation") became

12  effective, requiring 1996 - 2006 model year vehicles weighing over 14,000 pounds to meet certain

13  emissions reduction requirements imposed by the State of California on both intrastate and interstate

14  carriers and owner-operators.  Compliance with the regulations, which requires operators residing

15  outside California to install particulate matter filters on their engines.  These requirements, hereinafter

16  "retrofit technology," will impose an unreasonably disparate economic burden on owner-operators who

17  are required to spend many thousands of dollars to retrofit their equipment if they wish to carry freight

18  within California.

19    2.    Plaintiff Owner-Operator Independent Drivers Association, Inc. ("OOIDA") is a

20  not-for-profit corporation with approximately 150,000 members residing in all fifty states, including

21  members who reside and/or operate trucking businesses primarily outside the State of California, but

22  who also conduct a portion of their business in California and are required to comply with the Truck and

23  Bus Regulations.  OOIDA is acting herein in a representative capacity seeking only declaratory and

24  injunctive relief on behalf of its members, including the individual Plaintiffs, who operate from

25  time-to-time within the State of California.  The interests OOIDA seeks to protect are germane to the

26  purposes for which it exists.

27

28

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

3.      The individual Plaintiffs are truckers who own and operate trucking equipment which they use in conducting interstate commerce throughout the United States.  Each of these Plaintiffs possesses trucking equipment which is not compliant with the Truck and Bus Regulation and each of the Plaintiffs does not have the financial resources to purchase and install retrofit technology for his truck, solely for the proportionately limited use of the truck in California.

4.      The  owner-operators, small-business motor carriers, and professional truck drivers ("small-business truckers") that make up OOIDA's membership, operate approximately 200,000 trucks in all 50 states and Canada. Small-business truckers, like those belonging to OOIDA, have a significant presence in the trucking industry.  Indeed, one-truck motor carriers represent nearly half of all active motor carriers operating in the United States while approximately 96 percent of active motor carriers operate 20 or fewer trucks.

5.      The CARB regulations have caused, and will continue to cause irreparable injury to these truckers who have effectively been shut out of the California market because of the costs of compliance. In fact, according to an OOIDA survey, 77% of its member owner-operators drive trucks older than 2007 (Approximately 154,000 of the 200,000).  Other data show that  in the overall general population of trucks, 28.6% of all trucks class 3-8 have clean diesel technology.  Out of 8,621,853 registered trucks approximately 6,208,000 do not have compliant technology for California.

6.      The Truck and Bus Regulation requires Plaintiffs, and similarly situated interstate truckers, including members of Plaintiff Owner-Operator Independent Drivers Association ("OOIDA"), to each incur many thousands of dollars to meet its emissions standards if they wish to conduct even a small amount of  business in California.  Failure to buy and retrofit trucking equipment as required by the Truck and Bus regulation will effectively exclude these truckers from the California trucking market unless they are willing to face fines and penalties for noncompliance.  At the time Plaintiffs purchased their trucking equipment, the equipment met all California regulatory requirements; however, because of the new restrictions imposed by the regulations their equipment has now essentially become obsolete for use in California.

7.     The Truck and Bus Regulation is unconstitutional because it discriminates against out-of-state truckers such as Plaintiffs.  Absent relief from this Court, which has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343(a)(3), and 42 U.S.C. § 1983, the Plaintiffs will suffer irreparable harm.

8.     As pertinent to this action, to the extent that trucks owned and/or operated outside of California travel fewer miles on California highways than trucks owned and/or operated in California, the CARB regulations impose a disproportionately higher cost and burden on out-of-state trucks, which are clearly excessive in relation to any claimed local benefits, and thus constitute an undue burden on interstate commerce in violation of the Commerce Clause of the United States Constitution, Article I, Section 8, Clause 3 ("Commerce Clause"). The Commerce Clause provides that "[t]he Congress shall have Power ... [t]o regulate Commerce ... among the several States." U.S. Const. art. I, § 8, cl. 3.

## JURISDICTION AND VENUE

9.     This action arises under the Commerce Clause of the U.S. Constitution, Article I, Section 8, clause 3, and 42 U.S.C. § 1983 (Civil Rights).

10.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction); and 28 U.S.C. § 1343(a)(3) (jurisdiction to redress constitutional violations).

11.     Venue is proper in this Court under 28 U.S.C. § 1391(b).  Venue is appropriate in this district pursuant to 28 U.S.C. §1391, because the Defendants reside in, are found within, and transact their affairs within this judicial district.  In addition, the promulgation of the Truck and Bus Regulation occurred within this district.

12.     Venue is also proper in this district because a substantial part of the events giving rise to the claims occurred in this district.  Specifically, the Named Plaintiffs have conducted business and/or are being denied the opportunity to conduct business within this district while engaged in interstate commerce.

13.     This Court is authorized to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

14.     This Court is authorized to enter injunctive relief pursuant to 42 U.S.C. § 1983 (Civil Rights), and award attorneys fees pursuant to 42 U.S.C. § 1988.

**PARTIES**

**Plaintiffs**

15.     OOIDA is a not-for-profit corporation incorporated in the State of Missouri, with its headquarters located at 1 N.W. OOIDA Drive, P.O. Box 1000, Grain Valley, Missouri 64029. OOIDA was founded in 1973 and has members residing in all fifty (50) states, including as pertinent hereto, members who reside and/or operate trucking businesses primarily outside the State of California, but who also conduct a portion of their business in California and are required to comply with the Truck and Bus Regulation. OOIDA is acting herein in a representative capacity seeking only declaratory and injunctive relief on behalf of its members who operate from time-to-time within the State of California. The interests OOIDA seeks to protect are germane to the purposes for which it exists.

16.     Plaintiff  Dale L. Curtice, Jr. d/b/a Curtice Trucking, Inc. is a professional truck driver engaged in interstate commerce with his principal place of business in Des Moines, Iowa. Plaintiff Curtice's trucking equipment is not compliant with the Truck and Bus Regulation and Plaintiff does not have the financial resources to purchase and install retrofit technology for his truck, solely for the proportionately limited use of the truck in California. Prior to the promulgation of the Truck and Bus Regulation, Plaintiff  Curtice regularly transported freight in interstate commerce through, and within, Eastern California. Plaintiff  Curtice has been, and will continue to be, directly and adversely affected by the Truck and Bus Regulation.

17.     Plaintiff Nelson Greenwade, Sr. d/b/a Dream Team Express LLC is a professional truck driver engaged in interstate commerce with his principal place of business in Cheyenne, Wyoming. Plaintiff Greenwade's trucking equipment is not compliant with the Truck and Bus Regulation and Plaintiff Greenwade does not have the financial resources to purchase and install retrofit technology for his truck, solely for the proportionately limited use of the truck in California. Prior to the promulgation of the Truck and Bus Regulation, Plaintiff  Greenwade regularly transported freight in interstate

commerce through, and within, Eastern California.  Plaintiff Greenwade has been, and will continue to be, directly and adversely affected by the Truck and Bus Regulation.

18.     Plaintiff Lance Henning d/b/a/ Henning Trucking is a professional truck driver engaged in interstate commerce with his principal place of business in Keystone, Iowa.  Plaintiff Henning's trucking equipment is not compliant with the Truck and Bus Regulation and Plaintiff Henning does not have the financial resources to purchase and install retrofit technology for his truck, solely for the proportionately limited use of the truck in California.  Prior to the promulgation of the Truck and Bus Regulation, Plaintiff Henning regularly transported freight in interstate commerce through, and within, Eastern California.  Plaintiff Henning has been, and will continue to be, directly and adversely affected by the Truck and Bus Regulation.

19.     Leo T. Jolin is a professional truck driver engaged in interstate commerce and resides in Manchester, Tennessee.  Plaintiff Jolin's trucking equipment is not compliant with the Truck and Bus Regulation and Plaintiff Jolin does not have the financial resources to purchase and install retrofit technology for his truck, solely for the proportionately limited use of the truck in California.  Prior to the promulgation of the Truck and Bus Regulation, Plaintiff Jolin regularly transported freight in interstate commerce through, and within, Eastern California.  Plaintiff Jolin has been, and will continue to be, directly and adversely affected by the Truck and Bus Regulation.

20.     Barry Vun Cannon d/b/a NACO LLC is a professional truck driver engaged in interstate commerce with his principal place of business in Independence, Missouri.  Plaintiff  Vun Cannon's trucking equipment is not compliant with the Truck and Bus Regulation and Plaintiff Vun Cannon does not have the financial resources to purchase and install retrofit technology for his truck, solely for the proportionately limited use of the truck in California.  Prior to the promulgation of the Truck and Bus Regulation, Plaintiff Vun Cannon regularly transported freight in interstate commerce through, and within, Eastern California.  Plaintiff Vun Cannon has been, and will continue to be, directly and adversely affected by the Truck and Bus Regulation.

21.     Johnny West is a professional truck driver engaged in interstate commerce and resides in Lucedale, Mississippi.  Plaintiff  West's trucking equipment is not compliant with the Truck and Bus

Regulation and Plaintiff West does not have the financial resources to purchase and install retrofit technology for his truck, solely for the proportionately limited use of the truck in California. Prior to the promulgation of the Truck and Bus Regulation, Plaintiff West regularly transported freight in interstate commerce through, and within, Eastern California. Plaintiff West has been, and will continue to be, directly and adversely affected by the Truck and Bus Regulation.

22.    Richard M. Hunter is a professional truck driver engaged in interstate commerce and resides in New Palestine, Indiana. Plaintiff Hunter's trucking equipment is not compliant with the Truck and Bus Regulation and Plaintiff West does not have the financial resources to purchase and install retrofit technology for his truck, solely for the proportionately limited use of the truck in California. Prior to the promulgation of the Truck and Bus Regulation, Plaintiff Hunter regularly transported freight in interstate commerce through, and within, Eastern California. Plaintiff Hunter has been, and will continue to be, directly and adversely affected by the Truck and Bus Regulation.

23.    Russell A. Short is a professional truck driver engaged in interstate commerce and resides in Brooks Park, Ohio. Plaintiff Short's trucking equipment is not compliant with the Truck and Bus Regulation and Plaintiff West does not have the financial resources to purchase and install retrofit technology for his truck, solely for the proportionately limited use of the truck in California. Prior to the promulgation of the Truck and Bus Regulation, Plaintiff Short regularly transported freight in interstate commerce through, and within, Eastern California. Plaintiff Short has been, and will continue to be, directly and adversely affected by the Truck and Bus Regulation.

**Defendants**

24.    Defendant Richard W. Corey is named in his official and personal capacity as Executive Officer of the California Air Resources Board ("CARB"). He is the individual charged with enforcement of the challenged regulation, and is authorized to investigate noncompliance with the challenged regulation and impose fines for noncompliance.

25.    Defendant Mary D. Nichols is named as a defendant in her official and personal capacity as Chairman of the CARB. Defendant Nichols is responsible for the enforcement of the challenged regulation.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

26.     Defendant Matt Rodriguez is named as a defendant in his official capacity as Secretary of the California Environmental Protection Agency. CARB is a Department within the California Environmental Protection Agency. Defendant Rodriguez is responsible for the enforcement of the challenged regulation.

27.     The Truck and Bus Regulation requires trucks to be replaced or retrofitted with particulate matter filters beginning on January 1, 2012, on a schedule based on the truck type and model year of the truck engine.  The Regulation prohibits older trucks that have not been replaced or retrofitted from operating on the public roadways, and imposes steep fines and penalties on anyone who operates their trucks in violation of the Regulation.

28.     Plaintiffs' livelihoods are dependent on their ability to operate their trucks in interstate commerce.  Truckers generally purchase trucks to be used for decades, and many have lengthy mortgages on their trucks.  The trucks typically cost at least $150,000 to purchase, but have a useful life of several decades if maintained properly.

29.     In order to bring their trucks into compliance with the Truck and Bus Regulation, Plaintiffs and other similarly situated interstate truckers, must retrofit them with particulate matter filters at a cost of tens of thousands of dollars per truck.  Plaintiffs, like most interstate truckers, simply do not have the financial resources to purchase and install retrofit technology for their trucks, solely for the proportionately limited use of the trucks in California.

30.     According to an OOIDA survey, 77% of its member owner-operators drive trucks older than 2007.  Other data show that  in the overall general population of trucks, 28.6% of all trucks class 3-8 have clean diesel technology.   Out of 8,621,853 registered trucks approximately 6,208,000 do not have compliant technology for California.

31.     Plaintiffs have invested in their equipment with the reasonable expectation that they will have the ability to use their trucks for many years, without being required to retrofit them at great expense in order to meet the laws or regulation of any particular state(s).  Because the Truck and Bus Regulation requires replacement of otherwise perfectly useful trucks much earlier than would otherwise

1  be required, Plaintiffs and other similarly situated interstate truckers will be unable to conduct business

2  in California.

3       32.      The regulation also diminishes the resale value of Plaintiffs' current trucks, because they

4  cannot be operated on California roadways.

5       33.      In order to comply with the Regulation Plaintiffs would be required to expend tens of

6  thousands of dollars per truck, thereby impacting the rates they have to charge for their services in

7  conducting interstate commerce.

8       34.      The CARB's regulation requiring interstate truckers to spend many thousands of dollars

9  to retrofit their trucks in order to conduct business in California discriminates against truck owners and

10  operators situated in other states, imposes extraterritorial regulation of conduct outside of California;

11  and imposes burdens on interstate and foreign commerce that clearly outweigh local benefits.

12       35.      The discriminatory treatment of interstate truckers resulting from the Truck and Bus

13  Regulation contrasts with other regulations imposed by the State of California which acknowledge that

14  such regulations should not discriminate against interstate commerce, e.g., regulations extending only

15  to automobiles sold in California.

16                                **COUNT I**

17                **VIOLATION OF DORMANT COMMERCE CLAUSE**

18                            **(Injunctive Relief)**

19       36.      Plaintiffs reallege paragraphs 1 through 35 of this Complaint as if fully set forth herein.

20       37.      The Commerce Clause of the U.S. Constitution provides that "Congress shall have Power

21  . . . To regulate Commerce with foreign Nations, and among the several States, and with the Indian

22  Tribes; . . ." U.S. Const. art. I, sect. 8, cl. 3.

23       38.      The Commerce Clause prohibits state laws and regulations that, inter alia, (I) discriminate

24  against interstate commerce; (ii) regulate extraterritorial commerce; or (iii) unduly burden interstate and

25  extraterritorial commerce.

26       39.      The Truck and Bus Regulation unconstitutionally discriminates against Plaintiffs who

27  reside and/or conduct business primarily outside the State of California by requiring them to incur many

28

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1   thousands of dollars to meet its emissions standards if they wish to conduct business in California,

2   without facing stiff fines and penalties.

3          40.     The Truck and Bus Regulation unconstitutionally interferes with and regulates the use

4   of the channels of interstate commerce, by subjecting out-of state truckers such as Plaintiffs to higher

5   in-state burdens because they must expend  thousands of dollars in order to bring their trucking

6   equipment into compliance with the Regulation solely to conduct business in California.

7          41.     By requiring Plaintiffs to comply with the Truck and Bus Regulation solely to conduct

8   business in the State of California, the Regulation facially regulates the channels of interstate commerce

9   and their use.

10         42.     The Truck and Bus Regulation regulates conduct and commerce occurring wholly outside

11  of California. The purpose of the Regulation is to enforce emissions standards by requiring truck owners

12  and operators to retrofit their trucks to meet California's rigorous standards, when no such standards have

13  been promulgated in any other state. And by penalizing out-of-state truckers who do not spend the

14  money required to retrofit their trucking equipment in order to comply, the Regulation also seeks to

15  regulate extraterritorial use of that equipment.

16         43.     The Truck and Bus Regulation further burdens interstate commerce by effectively closing

17  the California markets to truck owners and operators from other states who cannot afford to retrofit their

18  trucks solely to meet California's strict standards.

19         44.     The burden of the Truck and Bus regulation on interstate commerce is excessive in

20  relation to any purported local benefits. Because trucks owned and/or operated by truckers situated

21  and/or operated primarily outside of California travel fewer miles on California highways than trucks

22  owned and/or operated by truckers situated in California, the Regulation imposes a disproportionately

23  higher burden on out-of-state trucks, and thus constitutes an undue burden on interstate commerce in

24  violation of the Commerce Clause of the United States Constitution, Article I, Section 8, Clause 3.  The

25  purported local benefits of the Regulation are further defeated because businesses operating in the State

26  of California will lose the economic advantages of shipping goods outside the State's borders by

27  interstate truckers who cannot afford to haul such goods due to the impact of the Regulations.

28

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

45.     The Truck and Bus Regulation subjects the great majority of American truck owner-operators situated and/or operating their trucking equipment primarily outside the State of California to significant burdens. However, the Regulation will not result in any measurable global climate change, nor in any measurable reduction of the effects of global warming.  California's share of those immeasurable changes and reductions is likewise immeasurable, meaning the Regulation provides no local benefit to the State.

46.     The portions of the Truck and Bus Regulation that violate the Commerce Clause are not severable from the balance of the Regulation.

47.     All Plaintiffs in this action are injured by the unconstitutional impact of the Truck and Bus Regulation.

48.     These violations of the U.S. Constitution threaten Plaintiffs with irreparable injury for which there is no adequate remedy at law, and as to which injunctive relief is a necessary and appropriate remedy to permanently enjoin the defendants, jointly and severally, from committing such violations.

## COUNT II

### VIOLATION OF DORMANT COMMERCE CLAUSE

### (Declaratory Relief)

49.     Plaintiffs reallege paragraphs 1 through 48 of this Complaint as if fully set forth herein.

50.     An actual controversy exists within the meaning of the Declaratory Judgment Act, 28 U.S.C. § 2201 because the Truck and Bus Regulation creates an actual and present controversy regarding the rights and legal relations of the Plaintiffs and Defendants.

51.     All Plaintiffs in this action are injured by the unconstitutional impact of the Truck and Bus Regulation.

52.     The violations of the U.S. Constitution committed by Defendants threaten Plaintiffs with injury, making declaratory relief a necessary and appropriate remedy in permanently declaring the constitutional rights and legal relations of the Plaintiffs.

///

///

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

<u>**COUNT III**</u>

**VIOLATION OF DORMANT COMMERCE CLAUSE**

**(42 U.S.C. § 1983, Civil Rights Against Defendants Corey and Nichols)**

53.     Plaintiffs reallege paragraphs 1 through 52 of this Complaint as if fully set forth herein.

54.     All Plaintiffs in this action are injured by the unconstitutional impact of the Truck and Bus Regulation.

55.     Defendants Corey and Nichols, in their personal capacities, have violated the constitutional rights of Plaintiffs, under color of State law in violation of 42 U.S.C. § 1983.

56.     These violations of the U.S. Constitution threaten Plaintiffs with irreparable injury for which there is no adequate remedy at law, and as to which injunctive relief pursuant to 42 U.S.C. § 1983 is a necessary and appropriate remedy to permanently enjoin the defendants, jointly and severally, from committing such violations.

<u>**PRAYERS FOR RELIEF**</u>

WHEREFORE, Plaintiffs respectfully request that this Court enter the following relief:

A.     A declaratory judgment, pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, and Rule 57 of the Federal Rules of Civil Procedure, that the Truck and Bus Regulation violates the Commerce Clause of the U.S. Constitution, U.S. Const. art. I, sect. 8, cl. 3, in the manner alleged above.

B.     A preliminary and permanent injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, enjoining all defendants from implementing or enforcing the Truck and Bus Regulation against Plaintiffs or other truck owners or operators who reside and/or conduct business primarily outside the State of California.

C.     A preliminary and permanent injunction, pursuant to 42 U.S.C. § 1983 enjoining defendants Corey and Nichols from implementing or enforcing the Truck and Bus Regulation against Plaintiffs or other truck owners or operators who reside and/or conduct business primarily outside the State of California.

D.     Such other relief available under federal law that may be considered appropriate under the circumstances, including other fees and costs of this action to the extent allowed by federal law

1   (including but not limited to 42 U.S.C. § 1988; and/or pursuant to California Code of Civil Procedure

2   § 1021.5), and further relief as this Court deems just and proper.

3

4   DATED: December 6, 2013                    Respectfully submitted,

5
                                               /S/ BRIAN C. LEIGHTON
6
                                               _____
                                               Brian Leighton
7                                              Brian Leighton Law Offices
                                               701 Pollasky Ave.
8                                              Clovis, CA 93612
                                               (559) 297-6190
9
                                               Paul D. Cullen, Sr.
10                                             Daniel E. Cohen
                                               David A. Cohen
11                                             Paul D. Cullen, Jr.
                                               The Cullen Law Firm, PLLC
12                                             1101 30th Street, NW, Suite 300
                                               Washington, D.C. 20007
13                                             (202) 944-8600

14                                             *Attorneys for Plaintiffs*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

13