1  KAMALA D. HARRIS, State Bar No. 146672
   Attorney General of California
2  RANDY L. BARROW, State Bar No. 111290
   Supervising Deputy Attorney General
3  NICHOLAS STERN, State Bar No. 148308
   COURTNEY S. COVINGTON, State Bar No. 259723
4  LINDA GÁNDARA, State Bar No. 194667
   Deputy Attorneys General
5    1300 I Street, Suite 125
     P.O. Box 944255
6    Sacramento, CA 94244-2550
     Telephone: (916) 445-4853
7    Fax: (916) 327-2319
     E-mail: Linda.Gandara@doj.ca.gov
8  *Attorneys for Defendants Richard W. Corey in his*
   *official and personal capacity as Executive Officer*
9  *of the California Air Resources Board, Mary D.*
   *Nichols in her official and personal capacity as*
10 *Chairman of the California Air Resources Board,*
   *and Matt Rodriquez in his official capacity as*
11 *Secretary of the California Environmental*
   *Protection Agency*
12
                 IN THE UNITED STATES DISTRICT COURT
13
           FOR THE EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO
14

15 | **OWNER-OPERATOR INDEPENDENT** | 2:14-cv-00186-MCE-AC |
   | **DRIVERS ASSOCIATION, INC., DALE L.** | |
16 | **CURTICE, JR. d/b/a CURTICE** | |
   | **TRUCKING, INC., NELSON** | |
17 | **GREENWADE, SR. d/b/a DREAM TEAM** | |
   | **EXPRESS LLC, LANCE HENNING d/b/a** | **DEFENDANTS' MEMORANDUM OF** |
18 | **LANCE HENNING TRUCKING, LEO T.** | **POINTS AND AUTHORITIES IN** |
   | **JOLIN, BARRY VUN CANNON d/b/a** | **SUPPORT OF MOTION TO DISMISS** |
19 | **NACO LLC, JOHNNY WEST, RICHARD** | |
   | **M. HUNTER, and RUSSELL A. SHORT,** | Date:        April 17, 2014 |
20 | | Time:        2:00 p.m. |
   |                                Plaintiffs, | Courtroom:   7 |
21 | | Judge:       The Honorable Morrison C. |
   |          v. | England, Jr. |
22 | | Trial Date:  None Set |
   | **RICHARD W. COREY in his official and** | Action Filed: December 6, 2013 |
23 | **personal capacity as Executive Officer of the** | |
   | **California Air Resources Board; MARY D.** | |
24 | **NICHOLS in her official and personal** | |
   | **capacity as Chairman of the California Air** | |
25 | **Resources Board; MATT RODRIGUEZ in** | |
   | **his official capacity as Secretary of the** | |
26 | **California Environmental Protection** | |
   | **Agency,** | |
27 | |                          Defendants. | |

28

# TABLE OF CONTENTS

**Page**

Introduction ............................................................................................................1

Background ............................................................................................................2

    I.    Regulatory Background. ......................................................................2

        A.    The Air Board ......................................................................2

        B.    The Truck and Bus Regulation. ...........................................3

    II.    Plaintiff's Complaint ............................................................................4

Legal Standard .......................................................................................................5

Argument ...............................................................................................................5

    I.    Plaintiffs' Third Count Should Be Dismissed Because Plaintiffs Have Failed to State a Claim Against Corey and Nichols in their Personal Capacities ............................................................................................5

        A.    Plaintiffs Have Alleged No Basis for Suing Corey and Nichols in Their Personal Capacities. ..........................................................5

        B.    Alternatively, Plaintiffs' Personal-Capacity Claims Should be Dismissed because Corey and Nichols are Entitled to Qualified Immunity ..........................................................................................7

            1.    Qualified Immunity Is Appropriate Where Defendants' Conduct Does Not Violate a Clearly Established Right. .................7

            2.    Mr. Corey and Ms. Nichols Are Entitled to Qualified Immunity Because Their Conduct Did Not Violate a Clearly Established Right. ........................................................................8

            3.    Mr. Corey and Ms. Nichols Reasonably Relied on a Regulation Promulgated by a State Agency. ...................................9

                a.    Corey and Nichols Were Charged with Enforcing a Duly Enacted Law ...........................................................9

                b.    The Truck and Bus Regulation Is Not Patently Unconstitutional ...............................................................10

Conclusion ...........................................................................................................12

i

# TABLE OF AUTHORITIES

                                                                        **Page**

**CASES**

*Ashcroft v. Iqbal*
   556 U.S. 662 (2009)..................................................................................1, 6, 7, 8

*Astoria Fed. Sav. & Loan Ass'n v. Solimino*
   501 U.S. 104 (1991)..................................................................................5

*Bayview Hunters Point Cmty. Advocates v. Metro Trans. Comm'n*
   366 F.3d 692 (9th Cir. 2004.) ..................................................................2, 10

*California Dump Truck Owners Ass'n v. Nichols*
   924 F. Supp. 2d 1126 (E.D. Cal. 2012) ..................................................2, 3, 10

*Dittman v. California*
   191 F.3d 1020 (9th Cir. 1999) ................................................................9, 12

*Dunn v. Castro*
   621 F.3d 1196 (9th Cir. 2010) ................................................................8

*Engine Mfrs. Ass'n v. United State Envtl. Prot. Agency*
   88 F.3d 1075 (D.C. Cir. 1996).................................................................2

*Grossman v. City of Portland*
   33 F.3d 1200 (9th Cir. 1994) ..................................................................9

*Hafer v. Melo*
   502 U.S. 21 (1991)....................................................................................6

*Harris Transportation Co. v. California Air Resources Board*
   32 Cal. App. 4th 1472 (1995) ..................................................................2

*Heart of America Grain Inspection Service, Inc. v. Missouri Dept. of Agriculture*
   123 F.3d 1098 (8th Cir. 1997) ................................................................12

*Huron Portland Cement Co. v. City of Detroit, Mich.*
   362 U.S. 440 (1960)..................................................................................11

*Kentucky v. Graham*
   473 U.S. 159 (1985)..................................................................................6, 7

*Love v. United States*
   915 F.2d 1242 (9th Cir. 1989) ................................................................5

*Mack v. South Bay Beer Distribs., Inc.*
   798 F.2d 1279 (9th Cir. 1986) ................................................................5

ii

# TABLE OF AUTHORITIES
### (continued)

Page

*Motor and Equipment Mfrs. Ass'n v. E.P.A.*
  627 F.2d 1095 (D.C. Cir. 1994)............................................................................2

*Pacific Merchant Shipping Assn. v. Goldstene*
  639 F.3d 1154 (9th Cir. 2011) ......................................................................11, 12

*Pearson v. Callahan*
  555 U.S. 223 (2009).................................................................................1, 8

*Safe Air for Everyone v. U.S. E.P.A.*
  488 F.3d 1088 (9th Cir. 2007) .............................................................................3

*Warren v. Fox Family Worldwide, Inc.*
  328 F.3d 1136 (9th Cir. 2003) .............................................................................5

*Will v. Michigan Dept. of State Police*
  (1989) 491 U.S. 58........................................................................................6

*Wolfe v. Strankman*
  392 F.3d 358 (9th Cir. 2004) ...............................................................................7

**STATUTES**

Code of Civil Procedure,
  § 1021.5 ................................................................................................5

Health & Saf. Code,
  § 39003 ................................................................................................2

**FEDERAL STATUTES**

42 U.S.C.
  § 1983 ................................................................................................5, 6, 8
  § 1988 ................................................................................................5
  § 5907 ................................................................................................3
  § 7410 ................................................................................................3
  §7502 ................................................................................................3
  § 7511 ................................................................................................3

**CALIFORNIA CODE OF REGULATIONS**

Title 13,
  § 2025 ................................................................................................1, 3
  § 2025(f) ................................................................................................3

iii

# TABLE OF AUTHORITIES
### (continued)

**Page**

**COURT RULES**

Federal Rule of Civil Procedure 12(b)(6) ........................................................................5
Federal Rule of Civil Procedure 8(a)(2) .........................................................................6

**OTHER AUTHORITIES**

76 Fed. Reg. 40652 (July 11, 2011).........................................................................4, 10
77 Fed. Reg. 20308-01 (Apr. 4, 2012)................................................................4, 10, 12

Defendants' Memorandum  of Points and Authorities in Support of Motion to Dismiss (2:14-cv-00186-MCE-AC)

**INTRODUCTION**

In 2008 the California Air Resources Board (Air Board) adopted the Truck and Bus Regulation, California Code of Regulations, title 13, section 2025. This Regulation requires specified diesel trucks and buses to retrofit their vehicles in order to reduce their emissions in California, and applies to all of the specified categories of trucks operated in California, regardless of their origin.

The plaintiffs consist of eight individual truckers and a truckers association (collectively Plaintiffs). They allege that the Truck and Bus Regulation violates the dormant Commerce Clause. Plaintiffs have named three defendants in this action: Richard W. Corey, Executive Officer of the Air Board; Mary Nichols, the Chairman of the Air Board; and Matt Rodriquez, the Secretary of the California Environmental Protection Agency. While Secretary Rodriquez is named solely in this official capacity, Plaintiffs seek an injunction against Mr. Corey and Ms. Nichols in their personal capacities. (Compl. ¶ 24-25, 53-56.)

Defendants bring this motion because Plaintiffs have failed to state a personal-capacity claim against Mr. Corey and Ms. Nichols. First, Plaintiffs have failed to allege facts sufficient to support these personal-capacity claims. To allege a personal-capacity claim against a public official, a plaintiff must plead facts showing that the official, through his or her own individual action, has violated the Constitution. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Plaintiffs' Complaint is devoid of any allegations that Mr. Corey or Ms. Nichols engaged in any conduct at all. Instead, Plaintiffs' only allegations against Mr. Corey and Ms. Nichols are that they are the officials charged with investigating and/or enforcing the regulations. (Compl. ¶¶ 24, 25.) These allegations are insufficient to support a claim that these defendants are personally liable to the Plaintiffs.

Second, Plaintiffs are seeking injunctive relief, not damages. Injunctive relief is not available in a personal-capacity action.

Third, Mr. Corey and Ms. Nichols are entitled to qualified immunity. Defendants sued in their personal capacities are entitled to qualified immunity unless their conduct violated clearly established constitutional rights of which a reasonable person would have known. *Pearson v.*

1

1   *Callahan*, 555 U.S. 223, 231 (2009).  Plaintiffs' complaint does not allege any such conduct.

2   Instead, it seeks to hold Mr. Corey and Ms. Nichols personally liable based solely on the

3   allegations that, as a result of the offices they hold, they are charged with enforcing an allegedly

4   unconstitutional regulation.  Mr. Corey and Ms. Nichols could not have known that, merely by

5   holding their official positions, they were violating Plaintiffs' constitutional rights.  Accordingly,

6   Plaintiffs' personal-capacity claims against Mr. Corey and Ms. Nichols should be dismissed with

7   prejudice.

8                                                    **BACKGROUND**

9   **I.    REGULATORY BACKGROUND.**

10         **A.    The Air Board**

11        The Air Board is a department in the California Environmental Protection Agency.  In 1967,

12   the Legislature established the Board to:  (1) attain and maintain healthy air quality; (2) conduct

13   research into the causes of and solutions to air pollution;  and (3) systematically attack the serious

14   problems caused by motor vehicle emissions, which are the major causes of air pollution in the

15   State.  Cal. Health & Safety Code § 39003; *Harris Transportation Co. v. California Air*

16   *Resources Board* 32 Cal. App. 4th 1472, 1475 (1995).  The Board is a national leader in the

17   regulation of emissions from motor vehicles.  Indeed, the history of the federal Clean Air Act

18   indicates that Congress intended California to "continue and expand its pioneering efforts at

19   adopting and enforcing motor vehicle emission standards different from and in large measure

20   more advanced than the corresponding federal program; in short, to act as a kind of laboratory for

21   innovation." *Motor and Equipment Mfrs. Ass'n v. E.P.A.*, 627 F.2d 1095, 1111 (D.C. Cir. 1994);

22   *see also Engine Mfrs. Ass'n v. United State Envtl. Prot. Agency*, 88 F.3d 1075, 1079-80 (D.C. Cir.

23   1996).

24        The Air Board works within a cooperative federal-state system for controlling pollution.

25   Under this system, the United States Environmental Protection Agency (US EPA) promulgates

26   the National Ambient Air Quality Standards (NAAQS), which are health based-standards for

27   certain pollutants that every state must meet.  *Bayview Hunters Point Cmty. Advocates v. Metro*

28   *Trans. Comm'n*, 366 F.3d 692, 695 (9th Cir. 2004.)  Each state is then required to propose a set of

                                                          2

1   measures, in the form of a "State Implementation Plan" or "SIP," that will enable the State to

2   meet these federal standards.[1]  The SIP is submitted to the US EPA for review and approval.

3   Once approved by the US EPA, the SIP has the force and effect of federal law. *Safe Air for*

4   *Everyone v. U.S. E.P.A.*, 488 F.3d 1088, 1091 (9th Cir. 2007).

5   **B.   The Truck and Bus Regulation.**

6          In this action, Plaintiffs challenge the constitutionality of the Air Board's Truck and Bus

7   Regulation, title 13, section 2025, of the California Code of Regulations.  The Air Board adopted

8   this Regulation in 2008, and amended it in 2011.  The goal of the Regulation is to protect health

9   and safety by reducing emissions of diesel particulate matter (PM) and oxides of nitrogen (NOx)

10  from trucks and buses operating in California. *California Dump Truck Owners Ass'n v. Nichols*,

11  924 F. Supp. 2d 1126, 1132 (E.D. Cal. 2012).

12         The Truck and Bus Regulation has two essential components, which must be complied with

13  on two separate schedules.  First, to reduce PM emissions, the Regulation requires specified

14  diesel buses and trucks to have diesel particulate filters (PM filters), which reduce emissions of

15  diesel PM.  While model year 2007 and newer diesel trucks have PM filters as part of their

16  standard equipment, older diesel trucks do not.  As such, these trucks need to be either retrofitted

17  with PM filters or replaced with a model year 2007 (or newer) engine by deadlines specified in

18  the Regulation.  Cal. Code Regs. tit. 13, § 2025(f); see *also California Dump Truck Owners Ass'n,*

19  924 F. Supp. 2d at 1133.  Second, to reduce NOx emissions, the Truck and Bus Regulation

20  requires vehicles to be upgraded to model year 2010 engines (or engines with equal or lower

21  emissions) by specified deadlines, which are subsequent to the deadlines for compliance with the

22  PM requirements.  Cal. Code Regs. tit. 13, § 2025(f) see *also California Dump Truck Owners*

23  *Ass'n*, 924 F. Supp. 2d at 1133.  The Regulation does not differentiate between in-state and out-

24  of-state trucks, and applies to all trucks operating in California, regardless of their origin.  Cal.

25  Code Regs. tit. 13, § 2025; see also Compl. ¶ 1 (regulations impose requirements "on both

26  intrastate and interstate carriers and owner-operators").

27         [1] *See* 42 U.S.C. §§ 7410 (state implementation plans required), 7502 (state
    implementation plan for nonattainment areas), 7511 (plan requirements), 5907 (sanctions).

28

3

1    The Truck and Bus Regulation and its amendments are part of the Air Board's regulatory

2    efforts to bring California into compliance with national air quality standards.  Thus, the

3    Regulation was part of the SIP that California submitted to the US EPA.  The US EPA approved

4    the Truck and Bus Regulation, effective May 4, 2012.  77 Fed. Reg. 20308-01 (Apr. 4, 2012); *see*

5    *also* 76 Fed. Reg. 40652 (July 11, 2011).

6    **II.   PLAINTIFFS' COMPLAINT**

7            In this action, Plaintiffs allege that the Truck and Bus Regulation violates the dormant

8    Commerce Clause.  Plaintiffs have named three state officials as defendants in this action:

9    Richard Corey, Mary Nichols, and Matt Rodriquez.  One of these defendants, Matt Rodriquez, [2]

10   Secretary of the California Environmental Protection Agency, is named solely in his official

11   capacity.  (Compl. ¶ 26.)

12           The other two defendants, Richard W. Corey, the Air Board's Executive Officer, and Mary

13   D. Nichols, the Air Board Chairman, are sued in both their official and their personal capacities.

14   Plaintiffs allege that, as the Air Board's Executive Officer, Mr. Corey is "the individual charged

15   with the enforcement of the challenged regulation, and is authorized to investigate noncompliance

16   with the challenged regulation and impose fines for noncompliance." (Compl. ¶ 24.)  As to Ms.

17   Nichols, Plaintiffs allege that, as Chairman of the Air Board, Mary Nichols "is responsible for the

18   enforcement" of the Truck and Bus Regulation.  (Compl. ¶ 25.)  Plaintiffs' Complaint contains no

19   other allegations that are specific to either Mr. Corey or Ms. Nichols.

20           Plaintiffs' Complaint is comprised of three counts.  In their first count, Plaintiffs allege that

21   the Truck and Bus Regulation violates the dormant Commerce Clause, and seek an injunction

22   preventing Defendants from implementing or enforcing the Regulation.  (Compl. ¶¶ 37-52, Prayer,

23   ¶ B.)  In their second count, Plaintiffs allege that a controversy exists regarding the

24   constitutionality of the Truck and Bus Regulation, and seek a declaratory judgment that the

25   Regulation violates the dormant Commerce Clause.  (Compl. ¶¶ 50-52, Prayer, ¶ A.)  In their

26   third count, Plaintiffs allege that Richard Corey and Mary Nichols, in their personal capacities,

27           [2] Plaintiffs misspelled Secretary Rodriguez's last name, erroneously suing him under the
     name of "Matt Rodriquez."

28

4

1   have violated Plaintiffs' constitutional rights in violation of 42 U.S.C. § 1983. (Compl. ¶ 54-55.)

2   However, Plaintiffs are not seeking damages pursuant to § 1983. Instead, the only remedy

3   Plaintiffs' seek in their third count is an injunction to permanently enjoin Mr. Corey and Ms.

4   Nichols. (Compl. ¶ 56, Prayer, ¶ C.)

5        In their prayer, Plaintiffs seek declaratory relief and an injunction. Plaintiffs also seek

6   attorneys fees pursuant to 42 U.S.C. § 1988 and California Code of Civil Procedure section

7   1021.5. (Compl., Prayer, ¶¶ A.-D.)

8   **LEGAL STANDARD**

9        A motion to dismiss a lawsuit for failure to state a claim upon which relief can be granted is

10   brought under Federal Rule of Civil Procedure 12(b)(6). When ruling on a motion to dismiss, the

11   court must accept as true the factual allegations contained in the complaint. *Love v. United States*,

12   915 F.2d 1242, 1295 (9th Cir. 1989). However, this applies only to material factual allegations,

13   not to legal conclusions which are cast in the form of factual allegations. *Warren v. Fox Family*

14   *Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). In evaluating a motion under Rule

15   12(b)(6), the Court may take judicial notice of matters of public record, including "records and

16   reports of administrative bodies," without converting the motion to a motion for summary

17   judgment. *Mack v. South Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986), overruled

18   on other grounds by *Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991).

19   **ARGUMENT**

20   I.   **PLAINTIFFS' THIRD COUNT SHOULD BE DISMISSED BECAUSE PLAINTIFFS HAVE**
     **FAILED TO STATE A CLAIM AGAINST COREY AND NICHOLS IN THEIR PERSONAL**
21   **CAPACITIES**

22       A.   **Plaintiffs Have Alleged No Basis for Suing Corey and Nichols in Their**
     **Personal Capacities.**
23

24        Plaintiffs bring their third count pursuant to 42 U.S.C. § 1983. In this count, Plaintiffs

25   allege that the Truck and Bus Regulation violates Plaintiffs' constitutional rights, and that Mr.

26   Corey and Ms. Nichols, in their personal capacities, have violated Plaintiffs' constitutional rights.

27   This claim fails because Plaintiffs have not alleged any basis for imposing personal liability on

28   either defendant, and they seek a remedy that is available only in an official-capacity action.

5

1    In bringing their claims against Mr. Corey and Ms. Nichols in their personal capacities,

2    Plaintiffs appear to have confused personal-capacity claims with official-capacity claims. State

3    agencies are not subject to suit under § 1983. However, state officials, when properly sued in

4    their official capacities for injunctive relief, may be subject to suit under § 1983. *Will v.*

5    *Michigan Dept. of State Police* 491 U.S. 58, 71, n.10 (1989) ("When sued for prospective

6    injunctive relief, a state official in his official capacity is considered a 'person' for [42 U.S.C.]

7    § 1983 purposes.") When a plaintiff wishes to sue a state agency for prospective declaratory or

8    injunctive relief pursuant to 42 U.S.C. § 1983, that action should be brought against the

9    appropriate state officials, in their official capacity. Thus, official-capacity suits filed against

10   state officials are simply an alternative way of pleading an action against the entity of which the

11   defendant is an officer, alleging that a policy of that entity is the moving force behind a

12   deprivation of constitutional rights. *Hafer v. Melo*, 502 U.S. 21, 25 (1991).

13   In contrast, "[p]ersonal-capacity suits seek to impose personal liability upon a government

14   official for actions [the official] takes under color of state law." *Kentucky v. Graham*, 473 U.S.

15   159, 165 (1985). To establish personal liability under § 1983, a plaintiff must show that "the

16   official, acting under color of state law, caused the deprivation of a federal right." *Hafer v. Melo*,

17   502 U.S. 21, 25. "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must

18   plead that each Government-official defendant, through the official's own individual actions, has

19   violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676.

20   Here, Plaintiffs have not alleged that either Corey or Nichols has enforced the Truck and

21   Bus Regulation against them, or against any trucker. Indeed, Plaintiffs have not alleged that

22   Corey or Nichols have taken *any* action that violated their constitutional rights. Instead, Plaintiffs

23   merely allege that, by virtue of the offices they hold, Mr. Corey and Ms. Nichols are charged with

24   enforcing the Regulation. But personal-capacity claims cannot be based solely on the fact that a

25   defendant held a particular office. *Ashcroft v. Iqbal*, 556 U.S. at 676-77. Because plaintiffs have

26   failed to allege that Mr. Corey or Ms. Nichols engaged in conduct giving rise to the constitutional

27   violation, Plaintiffs' Complaint is deficient under Federal Rule of Civil Procedure 8(a)(2).

28   *Ashcroft v. Iqbal*, 556 U.S. at 687. Indeed, if Plaintiffs' allegations were sufficient to establish

6

1  personal liability, every high public official could be held personally liable for every agency

2  action. This is simply not the law. *Ashcroft v. Iqbal*, 556 U.S. at 676, 683. As such, Plaintiffs'

3  personal-capacity claims against Mr. Corey and Ms. Nichols must be dismissed.

4       Further, the relief that Plaintiffs seek in this action is not even available in a personal-

5  capacity action. Here, Plaintiffs are asking for an injunction against Mr. Corey and Ms. Nichols

6  in their personal capacities. (Compl. ¶¶ 55, 56.) But an injunction against Mr. Corey and Ms.

7  Nichols in their personal capacities would only bind these individuals. It would mean that these

8  individuals could not enforce the Regulation after they left state service and were no longer acting

9  in their official capacities, but it would not prevent the Air Board from doing so. *Kentucky v.*

10  *Graham*, 473 U.S. 159, 166, & n.11. Such a result is clearly not appropriate. Accordingly, the

11  declaratory and injunctive relief that Plaintiffs seek is only available in an official capacity suit.

12  *Wolfe v. Strankman*, 392 F.3d 358, 360, n.2 (9th Cir. 2004) (noting that "the declaratory and

13  injunctive relief [plaintiff] seeks is only available in an official capacity suit.").

14       In their complaint, Plaintiffs appear to have confused personal capacity-claims with

15  official-capacity claims. The actions alleged in the Complaint do not give rise to personal

16  liability, and the relief Plaintiffs seek is not available in a personal-capacity action. Accordingly,

17  the third count of the Complaint, which seeks relief against Corey and Nichols in their personal

18  capacities, should be dismissed with prejudice.

19      **B.**    **Alternatively, Plaintiffs' Personal-Capacity Claims Should Be Dismissed**
             **Because Corey and Nichols Are Entitled to Qualified Immunity.**

20

        **1.**    **Qualified Immunity Is Appropriate Where Defendants' Conduct**
                  **Does Not Violate a Clearly Established Right.**

21

22       As discussed above, the injunctive relief sought by Plaintiffs is not available in a personal-

23  capacity action. However, to the degree that Plaintiffs are seeking any remedy against Mr. Corey

24  and Ms. Nichols other than an injunction, Plaintiffs' personal-capacity claims against Mr. Corey

25  and Ms. Nichols should also be dismissed because Corey and Nichols are entitled to qualified

26  immunity. The qualified immunity doctrine protects government officials from civil liability

27  "insofar as their conduct does not violate clearly established statutory or constitutional rights of

28  which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009),

7

1    quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The doctrine provides immunity from

2    suit, not a mere defense to liability; it is designed to resolve insubstantial claims against

3    government officials prior to discovery. *Pearson*, 555 U.S. at 231. Thus, the Supreme Court has

4    "repeatedly . . . stressed the importance of resolving immunity questions at the earliest possible

5    stage in litigation." *Id.* at 232, quoting *Hunter v. Bryant*, 502 U.S. 224, 227 (1991). When

6    qualified immunity is apparent as a matter of law and on the facts alleged in the complaint, it

7    provides an appropriate basis for dismissal at the pleading stage. *See Dunn v. Castro*, 621 F.3d

8    1196, 1999 (9th Cir. 2010).

9          Qualified immunity is determined through a two-part test. The first question, or "prong," is

10   whether the facts alleged by a plaintiff make out a violation of a constitutional right. *Pearson*,

11   555 U.S. at 232. The second question is whether "the right at issue is 'clearly established' at the

12   time of defendant's alleged misconduct." *Id.* If either question is answered in the negative, the

13   defendant is immune from liability for damages. *Id.* Courts may consider the two prongs in

14   either order. *Pearson*, 555 U.S. at 236. Indeed, it may be particularly appropriate to consider the

15   second prong first on a motion to dismiss. *Id.* at 239; *see also Dunn v. Castro*, 621 F.3d at 1199.

16                    **2.    Mr. Corey and Ms. Nichols Are Entitled to Qualified Immunity**
                             **Because Their Conduct Did Not Violate a Clearly Established Right.**
17

18         Plaintiffs' allegations demonstrate that Mr. Corey and Ms. Nichols are entitled to qualified

19   immunity. As discussed above, to maintain a personal-capacity suit against a public official

20   under § 1983, "a plaintiff must plead that each Government-official defendant, through the

21   official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662,

22   676 (2009). Here, Plaintiffs do not allege that Mr. Corey or Ms. Nichols engaged in *any* conduct

23   that violated their constitutional rights. Instead, Plaintiffs seek to impose personal liability

24   against Mr. Corey and Ms. Nichols based solely on the fact that, as officers of the Air Board, they

25   are charged with enforcing the Truck and Bus Regulation.

26         These allegations are insufficient to establish that Mr. Corey and Ms. Nichol's individual

27   actions violated a clearly established right. Accordingly, Plaintiffs' personal-capacity claims

28   against Corey and Nichols should be dismissed with prejudice.

                                                    8

1        **3.     Mr. Corey and Ms. Nichols Reasonably Relied on a Regulation
                Promulgated by a State Agency.**

2

3        Even if simply holding office were sufficient to subject Ms. Corey's and Ms. Nichols to

4    personal liability, they are still entitled to qualified immunity because their actions were

5    objectively reasonable.  "[W]hether an official protected by qualified immunity may be held

6    personally liable for an allegedly unlawful official action generally turns on the 'objective legal

7    reasonableness' of the action, assessed in light of the legal rules that were 'clearly established' at

8    the time it was taken." *Dittman v. California*, 191 F.3d 1020, 1027 (1999).  Within this context,

9    when "a public official acts in reliance on a duly enacted statute or ordinance, that official

10   ordinarily is entitled to qualified immunity." *Id.*  The rationale for this rule is that an official who

11   is charged with enforcing a statute or regulation is "ordinarily entitled to rely on the assumption

12   that the council members have considered the views of legal counsel and concluded that the

13   ordinance is a valid and constitutional exercise of authority." *Grossman v. City of Portland*, 33

14   F.3d 1200, 1209 (9th Cir. 1994).

15       Thus, as a general rule, an official is entitled to qualified immunity if: 1) he or she is relying

16   on a duly enacted law, and 2) that law is not "patently violative of fundamental constitutional

17   principles." *Dittman*, 191 F.3d at 1027.  Both prongs of this test are met here.

18               **a.     Corey and Nichols Were Charged with Enforcing a Duly
                        Enacted Law**

19

20       Here, Plaintiffs seek to impose personal liability on Corey and Nichols based on the fact

21   that, as Air Board officials, they were charged with enforcing the Truck and Bus Regulation.  As

22   in *Dittman* and *Grossman*, Mr. Corey and Ms. Nichols are entitled to qualified immunity because

23   the Regulation was duly enacted by the Air Board.  As such, it was objectively reasonable for Mr.

24   Corey to assume that the constitutionality of the Regulation had been considered by the Air Board

25   and its attorneys, and that the Air Board approved the regulation upon concluding that it was

26   constitutional.  Similarly, as Chair of the Air Board, Ms. Nichols would know the Air Board and

27   its attorneys considered whether the Regulation violated the dormant Commerce Clause, and

28

9

1 concluded that it did not. (Request for Judicial Notice in Support of Motion To Dismiss, Ex. 1,

2 Final Statement of Reasons for Rulemaking, at pp. 213-231.)

3      This rule is particularly applicable here because the Truck and Bus Regulation has gone

4 through an additional layer of review and approval. Specifically, the Truck and Bus Regulation

5 was reviewed and approved by the US EPA. As discussed above, under the federal Clean Air Act,

6 the US EPA sets National Ambient Air Quality Standards. Each state, including California, is

7 required to submit a state implementation plan, or SIP, showing "enforceable emission limitations

8 and other control measures" that are necessary to meet these national standards, as well as

9 timelines for compliance, for US EPA approval. *Bayview Hunters Point City. Advocates v. Metro*

10 *Transp. Commission*, 366 F.3d 692, 695 (9th Cir. 2004). The state must also provide assurances

11 "that it has the necessary legal authority and adequate resources to implement the SIP."

12 *California Dump Truck Owners Assn. v. Nichols*, 924 F. Supp. 2d 1126, 1137-38 (E.D. Cal. 2012.)

13 Because the Truck and Bus Regulation is one of the measures that California is relying on to meet

14 the National Ambient Air Quality Standards, the Air Board submitted the Regulation to the US

15 EPA for its review and approval. 77 Fed. Reg. at 20309, 20311. Following its review, the US

16 EPA approved the rule. In so doing, the US EPA concluded that it knows "of no obstacle under

17 Federal or State law in [the Air Board's] ability to implement the regulation." 76 Fed. Reg.

18 40652, 40658 (July 11, 2011).

19      Given that the Regulation survived these multiple levels of review and approval, it was

20 objectively reasonable for Corey and Nichols to assume that the regulation was constitutional.

21           **b.      The Truck and Bus Regulation Is Not Patently Unconstitutional.**

22      While a defendant acting in accordance with a duly enacted statute or regulation will

23 generally be entitled to qualified immunity, there may still be personal liability if that regulation

24 is patently unconstitutional. This narrow exception does not defeat qualified immunity in this

25 case because the constitutionality of the Truck and Bus Regulation is well supported by case law.

26      Here, the Truck and Bus Regulation is a health and safety regulation that does not

27 distinguish between local truckers and out-of-state truckers. There is no clearly established law

28 prohibiting such a regulation. Instead, analogous air pollution regulations have withstood

10

1   Commerce Clause challenges.  For example, in *Huron Portland Cement Co. v. City of Detroit,*

2   *Mich.*, 362 U.S. 440 (1960) the United States Supreme Court considered the constitutionality of

3   the Detroit Smoke Abatement Code (Code).  The purpose of the Code was to reduce air pollution

4   in Detroit.  Compliance with the Code would require structural changes to certain types of vessels

5   that visited Detroit's port.  *Id.* at 441.  A company maintaining a fleet of ships engaged in

6   interstate commerce challenged the Code, alleging in part that the Code violated the dormant

7   Commerce Clause.  *Id.* at 441.  The *Huron Portland* Court rejected this argument, noting that the

8   Code is a "regulation of general application, designed to better the health and welfare of the

9   community." *Id.* at 448.  Even though the Code required structural changes to vessels engaged in

10  interstate commerce, the court found that "no impermissible burden on commerce has been

11  shown." *Id.* at 441, 448.

12      Similarly, in *Pacific Merchant Shipping Assn. v. Goldstene*, 639 F.3d 1154 (9th Cir. 2011)

13  (*PMSA*), the Ninth Circuit rejected a Commerce Clause challenge of a regulation requiring ocean-

14  going vessels to switch to cleaner-burning fuels when they were within twenty-four miles of

15  California's coastline.  The *PMSA* court reasoned that the regulation "does not fall under the

16  'direct' category of state regulations because the central purpose of the Vessel Fuel Rules is to

17  protect the health and well-being of the state's residents from the harmful effects" of pollution.  *Id.*

18  at 1179.  Additionally, the regulation was even-handed and did not appear to be discriminatory, as

19  it applied to all ocean-going vessels visiting California's ports.  Therefore, to assess the

20  constitutionality of the regulation, the court balanced the benefits to the state against the burdens

21  on interstate commerce.  Finding that the health benefits of the regulation outweighed the burdens

22  on interstate commerce, the court rejected plaintiff's Commerce Clause arguments.  *Id.* at 1181.

23      As in *Huron Portland* and *PMSA*, the Truck and Bus Regulation is designed to protect the

24  health and safety of California's citizens by reducing NOx and particulate matter.  As in these

25  cases, it is a rule of general applicability, applying to trucks regardless of their state of origin.

26  Further, as discussed above, the Regulation is necessary for the State to comply with federal

27  Clean Air Act Requirement, and has been approved not only by the Air Board, but also by the US

28  EPA. 77 Fed. Reg. 20308.  As the *PMSA* court explained, "it appears to be especially

1    inappropriate to strike down state regulations as contrary to the dormant Commerce Clause . . .

2    when these same regulations are needed to comply with basic federal standards in the first place."

3    *PMSA*, 639 F.3d at 1181, n.8.

4        As such, the Truck and Bus Regulation is not patently unconstitutional.  Mr. Corey and Ms.

5    Nichols are therefore entitled to qualified immunity.  *Dittman*, 191 F.3d at 1027; *see also Heart of*

6    *America Grain Inspection Service, Inc. v. Missouri Dept. of Agriculture*, 123 F.3d 1098 (8th Cir.

7    1997) (given the "inherently uncertain" nature of the balancing inquiry in a Commerce Clause

8    analysis, "qualified immunity should normally be available"  to officials enforcing the challenged

9    regulation).  Accordingly, the personal-capacity claims against Corey and Nichols should be

10   dismissed with prejudice.

11                                           **CONCLUSION**

12       In this action Plaintiffs allege personal-capacity claims against Richard Corey and Mary

13   Nichols based solely on allegations that, as officers of the Air Board, Mr. Corey and Ms. Nichols

14   were charged with enforcing the Truck and Bus Rule.  These allegations are insufficient to

15   support personal-capacity claims and, in any event, these defendants are entitled to qualified

16   immunity.  Accordingly, Defendants respectfully request that the Court dismiss the third court in

17   Plaintiffs' Complaint, and the personal-capacity claims against Mr. Corey and Ms. Nichols, with

18   prejudice.

19

20

21

22

23

24

25

26

27

28

1    Dated:  January 27, 2014                    Respectfully Submitted,

2                                                KAMALA D. HARRIS
                                                 Attorney General of California
3                                                RANDY L. BARROW
                                                 Supervising Deputy Attorney General
4

5

6                                                /s/ Linda Gándara
                                                 LINDA GÁNDARA
7                                                Deputy Attorney General
                                                 *Attorneys for Defendants Richard W.*
8                                                *Corey in his official and personal capacity*
                                                 *as Executive Officer of the California Air*
9                                                *Resources Board, Mary D. Nichols in her*
                                                 *official and personal capacity as Chairman*
10                                               *of the California Air Resources Board, and*
                                                 *Matt Rodriquez in his official capacity as*
11                                               *Secretary of the California Environmental*
                                                 *Protection Agency*
12
     SA2013311515
13   31869755_5.doc

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                          13

# CERTIFICATE OF SERVICE

| | | | |
|---|---|---|---|
| Case Name: | **OWNER-OPERATOR INDEPENDENT DRIVERS ASSOCIATION, INC., et al. v. RICHARD W. COREY in his official and personal capacity as Executive Officer of the California Air Resources Board; et al.** | No. | **1:13-CV-01998-LJO-SAB** |

I hereby certify that on January 27, 2014, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on January 27, 2014, at Sacramento, California.

| | |
|---|---|
| LINDA GÁNDARA | /s/ *Linda Gándara* |
| Declarant | Signature |

1