1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OWNER-OPERATOR INDEPENDENT DRIVERS ASSOCIATION, INC., et al., | No.  2:14-CV-00186-MCE-AC |
| Plaintiffs, | |
| v. | **MEMORANDUM AND ORDER** |
| RICHARD W. COREY, in his official capacity as Executive Officer of the California Air Resources Board, et al., | |
| Defendants. | |

Plaintiffs Owner-Operator Independent Drivers Association, Inc. ("OOIDA"), along with a number of individual truck owner-operators (collectively "Plaintiffs"), initiated this action challenging California's enforcement of the "Regulation to Reduce Emissions of Diesel Particulate Matter, Oxides of Nitrogen and Other Criteria Pollutants, from In-Use Heavy-Duty Diesel-Fueled Vehicles," Cal. Code Regs. tit. 13, § 2025 (the "Regulation"), against all vehicles, with limited exceptions, weighing over 14,000 pounds that operate in California, regardless of their origin.  Presently before the Court is a Motion for Judgment on the Pleadings ("Motion") (ECF No. 33) filed by Defendants Richard W. Corey, in his official capacity as Executive Officer of California's Air Resources Board ("ARB"), Mary D. Nichols, in her official capacity as Chairman of the ARB, and Matt Rodriguez, in his official capacity as Secretary of the California Environmental Protection Agency

1   (collectively "Defendants").  For the reasons that follow, Defendants' Motion is

2   GRANTED with leave to amend.[1]

3

4                                  **BACKGROUND**[2]

5

6       **A.  Implementation of the Regulation**

7           The Regulation became effective January 1, 2012, and applies to both intrastate

8   and interstate owner-operators.  In a nutshell, it requires 1996-2006 model year vehicles

9   weighing over 14,000 pounds to be replaced or retrofitted with new technology to comply

10  with state emissions reduction standards.  The ARB implemented the Regulation as part

11  of its State Implementation Plan ("SIP"), which is a set of measures intended to enable

12  the state to attain and maintain national ambient air quality standards promulgated

13  pursuant to the Clean Air Act ("CAA") by the federal Environmental Protection Agency

14  ("EPA").  Motion, ECF No. 33 at 2-3 (citing 42 U.S.C. §§ 7409(a), 7410(a); Bayview

15  Hunters Point Cmty. Advocates v. Metro. Transp. Comm'n, 366 F.3d 692, 695 (9th Cir.

16  2004)).  States are required to submit their SIPs to the EPA for review and approval.  Id.

17          In May 2011, the ARB submitted the Regulation to the EPA to be added to

18  California's SIP.  Id. at 4 (citing 76 Fed. Reg. at 40653).  Two months later, the EPA

19  proposed approving the regulation, stating, "[W]e know of no obstacle under Federal or

20  State law in CARB's ability to implement the regulations."  Id. at 40658.  The EPA issued

21  its final rule approving the Regulation in April of the following year.  Id. (citing 77 Fed.

22  Reg. 20,308 (April 4, 2012) (to be codified at 40 C.F.R. pt. 52)).

23      **B.  The instant action**

24          OOIDA is a non-profit organization of approximately 150,000 truckers residing

25  throughout the United States.  Among its members are owner-operators who reside

26          [1] Having determined that oral argument would not be of material assistance, the Court ordered this
    matter submitted on the briefing.  E.D. Cal. Local R. 230(g).

27

28          [2] Unless otherwise indicated, the following facts are taken, largely verbatim, from Plaintiffs'
    Complaint. ECF No. 1.

1   and/or operate trucking businesses primarily outside of the State of California, but who

2   also conduct some business within the state and are thus required to comply with the

3   Regulation.  According to OOIDA, out of 8,621,853 registered trucks, approximately

4   6,208,000 are not compliant with the Regulation and must be retrofitted to meet

5   California's emissions standards.

6        More specifically, the Regulation requires trucks to be replaced or retrofitted with

7   particulate matter filters on a scheduled basis depending on truck type and model year.

8   Older trucks that have not been retrofitted are prohibited from operating on public

9   roadways until they are compliant, and steep fines are imposed on anyone operating in

10  violation of the Regulation.

11       Plaintiffs aver, however, that it is cost prohibitive (i.e., tens of thousands of dollars

12  per truck) to bring their vehicles into compliance with the Regulation.  OOIDA's

13  members, as with the individual Plaintiffs, made long-term investments in equipment

14  (typically at least $150,000 per truck), which met applicable standards at the time of

15  purchase, with the reasonable expectation they would be able to use those trucks for

16  many years.  Because trucks are purchased with the intent that they be used for

17  decades, many owner-operators have lengthy mortgages on their vehicles.  If interstate

18  owner-operators do not comply with the retrofitting mandates, the resale value of their

19  existing trucks will diminish.  On the other hand, the cost of compliance is so high that,

20  for many, their only other alternative will be to discontinue conducting business in

21  California.

22       As a result, Plaintiffs initiated this action on December 6, 2013, alleging the

23  Regulation is unconstitutional because it discriminates against out-of-state truckers in

24  violation of the Dormant Commerce Clause.  Defendants answered the Complaint on

25  April 11, 2014, and filed the instant Motion on May 15, 2014.  For the following reasons,

26  Defendants' Motion is GRANTED with leave to amend.

27  ///

28  ///

**STANDARD**[3]

### A. Motion for Judgment on the Pleadings

Under Rule 12(c), "a party may move for judgment on the pleadings" after the pleadings are closed "but early enough not to delay trial."  A motion for judgment on the pleadings pursuant to Rule 12(c) "challenges the legal sufficiency of the opposing party's pleadings."  See, e.g., Westlands Water Dist. v. Bureau of Reclamation, 805 F. Supp. 1503, 1506 (E.D. Cal. 1992).

A motion for judgment on the pleadings should only be granted if "the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law."  Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1989).  In reviewing a Rule 12(c) motion, "all factual allegations in the complaint [must be accepted] as true and construe[d] . . . in the light most favorable to the non-moving party."  Fleming v. Pickard, 581 F.3d 922, 925 (9th Cir. 2009).  Judgment on the pleadings under Rule 12(c) is warranted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Deveraturda v. Globe Aviation Sec. Servs., 454 F.3d 1043, 1046 (9th Cir. 2006) (internal citations omitted).

### B. Motion to Dismiss for Lack of Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction, and are presumptively without jurisdiction over civil actions.  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  The burden of establishing the contrary rests upon the party asserting jurisdiction.  Id.  Because subject matter jurisdiction involves a court's power to hear a

---

[3] Defendants moved for judgment on the pleadings, but since the motion is jurisdictional it could be construed as having been brought under Federal Rule of Civil Procedure 12(b)(1).  Accordingly, both standards are set forth here.  The outcome in this case will be the same under either standard, and, regardless of the procedural mechanism by which Defendants have presented their challenge, this Court is obligated to dismiss the action if at any time it determines it lacks jurisdiction.  See Fed. R. Civ. Pro. 12(h)(3).

4

1   case, it can never be forfeited or waived.  United States v. Cotton, 535 U.S. 625, 630

2   (2002).  Accordingly, lack of subject matter jurisdiction may be raised by either party at

3   any point during the litigation, through a motion to dismiss pursuant to Federal Rule of

4   Civil Procedure 12(b)(1).  Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (2006); see also Int'l

5   Union of Operating Eng'rs v. Cnty. of Plumas, 559 F.3d 1041, 1043-44 (9th Cir. 2009).

6   Lack of subject matter jurisdiction may also be raised by the district court sua sponte.

7   Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999).  Indeed, "courts . . . have an

8   independent obligation to determine whether subject matter jurisdiction exists, even in

9   the absence of a challenge from any party."  Arbaugh, 546 U.S. at 514; see

10  Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss the action if subject matter

11  jurisdiction is lacking).

12          There are two types of motions to dismiss for lack of subject matter jurisdiction: a

13  facial attack and a factual attack.  Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp.,

14  594 F.2d 730, 733 (9th Cir. 1979).  Thus, a party may either make an attack on the

15  allegations of jurisdiction contained in the nonmoving party's complaint, or may

16  challenge the existence of subject matter jurisdiction in fact, despite the formal

17  sufficiency of the pleadings.  Id.

18          When a party makes a facial attack on a complaint, the attack is unaccompanied

19  by supporting evidence, and it challenges jurisdiction based solely on the pleadings.

20  Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).  If the motion to

21  dismiss constitutes a facial attack, the Court must consider the factual allegations of the

22  complaint to be true, and determine whether they establish subject matter jurisdiction.

23  Savage v. Glendale High Union Sch. Dist. No. 205, 343 F.3d 1036, 1039 n.1 (9th Cir.

24  2003).  In the case of a facial attack, the motion to dismiss is granted only if the

25  nonmoving party fails to allege an element necessary for subject matter jurisdiction.

26  Safe Air for Everyone, 373 F.3d at 1039.

27          In the case of a factual attack, "no presumptive truthfulness attaches to plaintiff's

28  allegations."  Thornill, 594 F.2d at 733 (internal citation omitted).  The party opposing the

5

1  motion has the burden of proving that subject matter jurisdiction does exist, and must

2  present any necessary evidence to satisfy this burden.  St. Clair v. City of Chico,

3  880 F.2d 199, 201 (9th Cir. 1989).  If the plaintiff's allegations of jurisdictional facts are

4  challenged by the adversary in the appropriate manner, the plaintiff cannot rest on the

5  mere assertion that factual issues may exist.  Trentacosta v. Frontier Pac. Aircraft Ind.,

6  Inc., 813 F.2d 1553, 1558 (9th Cir. 1987) (quoting Exch. Nat'l Bank of Chi. v. Touche

7  Ross & Co., 544 F.2d 1126, 1131 (2d Cir. 1976)).  Furthermore, the district court may

8  review any evidence necessary, including affidavits and testimony, in order to determine

9  whether subject matter jurisdiction exists.  McCarthy v. United States, 850 F.2d 558, 560

10  (9th Cir. 1988); Thornhill, 594 F.2d at 733.  If the nonmoving party fails to meet its

11  burden and the court determines that it lacks subject matter jurisdiction, the court must

12  dismiss the action.  Fed. R. Civ. P. 12(h)(3).

13  **C. Leave to Amend**

14  A court granting a motion to dismiss a complaint must then decide whether to

15  grant leave to amend.  Leave to amend should be "freely given" where there is no

16  "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice

17  to the opposing party by virtue of allowance of the amendment, [or] futility of the

18  amendment . . . ."  Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v.

19  Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to

20  be considered when deciding whether to grant leave to amend).  Not all of these factors

21  merit equal weight.  Rather, "the consideration of prejudice to the opposing party . . .

22  carries the greatest weight."  Eminence Capital, 316 F.3d at 1052 (citing DCD Programs,

23  Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)).  Dismissal without leave to amend is

24  proper only if it is clear that "the complaint could not be saved by any amendment."

25  Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re

26  Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005).

27  Although Rule 12(c) does not mention leave to amend, courts have the discretion

28  in appropriate cases to grant a Rule 12(c) motion with leave to amend, or to simply grant

6

1   dismissal of the action instead of entry of judgment.  See Lonberg v. City of Riverside,

2   300 F. Supp. 2d 942, 945 (C.D. Cal. 2004); Carmen v. S.F. Unified Sch. Dist.,

3   982 F. Supp. 1396, 1401 (N.D. Cal. 1997).

4

5                                   **ANALYSIS**

6

7        Plaintiffs contend that the Regulation violates the Dormant Commerce Clause

8   because it discriminates against those owner-operators who reside and/or conduct

9   business primarily outside of the State of California.  According to Defendants, however,

10  Plaintiffs' claims fail as a matter of law because: (1) the court of appeals has exclusive

11  jurisdiction over this action; and (2) this suit cannot proceed absent joinder of the EPA, a

12  necessary and indispensable party.  This Court previously addressed essentially

13  identical arguments in California Dump Truck Owners Ass'n v. Nichols, 924 F. Supp. 2d

14  1126 (E.D. Cal. 2012), where it dismissed preemption challenges to the Regulation

15  brought by intrastate truckers.[4]  This case is materially indistinguishable, and the same

16  reasoning controls.

17       **A.  This Court Lacks Jurisdiction Over Plaintiffs' Challenges to the
            Regulation, Which Must Instead be Brought in the Court of Appeals.**

18

19       According to Defendants, Plaintiffs must initiate their action in the court of appeals

20  because their challenge to the Regulation pertains to the EPA's approval of that

21  Regulation as part of California's SIP.  Plaintiffs object, arguing to the contrary that only

22  Congress has the power to pass laws interfering with interstate commerce, that the EPA

23  thus could not and did not approve the Regulation to the extent it applies to out-of-state

24  owner-operators, and that the EPA's decision will thus not be affected by a decision in

25  Plaintiffs' favor here.  Defendants have the better argument.

26  ///

27

28       [4] The appeal in that case has been briefed before the Ninth Circuit, but no argument has yet been
    scheduled.  See Case No. 13-15175.

                                        7

1    In <u>California Dump Truck Owners Ass'n</u>, this Court addressed in great detail why

2    challenges to the Regulation, which has been approved by the EPA as part of

3    California's SIP, must be brought in the court of appeals in the first instance.

4    924 F. Supp. 2d at 1136-44.  More specifically, with regard to the interplay between state

5    and federal emissions regulations, the Court explained:

6
        Under the CAA, the EPA has the authority to issue national
7       air quality standards establishing the maximum allowable
        concentration of a given pollutant. 42 U.S.C. § 7409(a). "To
8       implement these standards, the Act establishes a system of
        State Implementation Plans ('SIPs'), whereby states submit,
9       subject to the [EPA] review and approval, proposed methods
        for maintaining air quality." <u>Safe Air for Everyone v. U.S.
10      E.P.A.</u>, 488 F.3d 1088, 1091 (9th Cir.2007).

11      . . . .

12      The CAA also requires states to provide "necessary
        assurances" that "the State . . . will have adequate personnel,
13      funding, and authority under State (and, as appropriate, local)
        law to carry out such implementation plan (and is not
14      prohibited by any provision of Federal or State law from
        carrying out such implementation plan or portion thereof)."
15      42 U.S.C. § 7410(a)(2)(E).   "[I]f an emission standard or
        limitation is in effect under an applicable implementation
16      plan . . . such State or political subdivision may not adopt or
        enforce any emission standard or limitation which is less
17      stringent than the standard or limitation under such plan or
        section."  42 U.S.C. § 7416.  Upon approval by the EPA, a
18      SIP is printed in the Federal Register and becomes
        enforceable as federal law.   <u>See Safe Air for Everyone</u>,
19      488 F.3d at 1091 (Once approved by EPA, SIPs "have the
        force and effect of federal law.").

20   <u>Id.</u> at 1136.

21    Moreover, "[a] petition for review of the Administrator's action in approving or

22   promulgating any [state] implementation plan . . . or any other final action of the

23   Administrator under this chapter . . . may be filed <u>only</u> in the United States Court of

24   Appeals for the appropriate circuit."  42 U.S.C. § 7607(b)(1) (emphasis added).

25   "[J]udicial review of final actions by the EPA Administrator [including SIP approvals] rests

26   exclusively in the appellate courts."  <u>Envtl. Defense v. Leavitt</u>, 329 F. Supp. 2d 55, 63

27   (D.D.C. 2004).  Accordingly, in that case, this Court determined that the preemption

28   ///

8

challenge to the Regulation, even if not directly challenging the EPA approval, must still

be brought in the Ninth Circuit:

> [A]lthough Plaintiff is technically correct that it's complaint
> does not present a direct challenge to the EPA approval of
> California's SIP revision, "[t]he answer to the jurisdictional
> question lies not in determining which of the parties'
> characterizations makes better sense semantically, but in
> determining which better satisfies the policies underlying the
> CAA's jurisdictional scheme." <u>See Natural Res. Defense
> Council</u>, 788 F.Supp. at 273.  Were this Court to decide that
> the Truck and Bus Regulation is preempted . . . , such a
> decision would undermine the validity of EPA's final action
> and would amount to an implicit repeal of a portion of the
> EPA-approved SIP.  Proceeding with this action would also
> undercut the special judicial review process created by
> Congress for challenging federally-approved SIP measures
> and could result in potentially inconsistent or redundant
> interpretations of federal law by different courts and EPA.  If
> CDTOA disagrees with a state regulation incorporated into an
> EPA-approved SIP it "must follow appropriate federal
> procedures to revise it." <u>See Paisley</u>, 2011 WL 3875992, at
> *5.    Because  Plaintiff's  instant  challenge  necessarily
> implicates the EPA final action approving the Truck and Bus
> Regulation as part of California's SIP, it cannot be litigated in
> this Court.

<u>California Dump Truck Owners Ass'n</u>, 924 F. Supp. 2d at 1144.  The same holds true

here for the same reasons this Court put on the record in that case.[5]

Plaintiffs disagree, arguing that: (1) enforcement of the Regulation violates the

Commerce Clause; (2) only Congress is authorized to enact laws that interfere with

interstate commerce; and (3) it follows that the EPA did not and could not approve

enforcement of the Regulation in violation of the Commerce Clause

Plaintiff's first argument is easily dispatched.  Whether the Regulation was

implemented in violation of the Commerce Clause is the very issue underlying the merits

of this case.  The current Motion, however, is jurisdictional.  Even if Plaintiffs are correct,

this Court cannot reach the Commerce Clause question unless it is satisfied that the

case is properly before it in the first place.

Plaintiff's second and third arguments fare no better.  In fact, by arguing that the

EPA did not have the power to approve (or did not approve) the Regulation in derogation

---

[5] That reasoning is incorporated here in its entirety.

1    of the Commerce Clause, Plaintiffs inadvertently make Defendants' point.  If the EPA

2    exceeded its authority in approving the Regulation as part of California's SIP, the

3    appropriate forum for review is the court of appeals.

4           Indeed, the EPA approved the Regulation as written, and the Regulation very

5    clearly and expressly sets forth its scope, stating "this regulation applies to any person,

6    business, federal government agency, school district or school transportation provider

7    that owns or operates, leases, or rents, affected vehicles that <u>operate</u> in California."

8    Cal. Code Regs. tit. 13, § 2025(b) (emphasis added).[6]  Moreover, the EPA opined that it

9    knew "of no obstacle under Federal or State law in CARB's ability to implement the

10   regulations."  76 Fed. Reg. 40658.  Accordingly, by asking this Court to find to the

11   contrary, Plaintiffs' current action directly challenges the EPA's approval of the

12   Regulation.  In sum, Defendants are correct that this action is materially indistinguishable

13   for jurisdictional purposes <u>California Dump Truck Owners Ass'n</u>, and their Motion is

14   GRANTED with leave to amend.[7]

15          **B.  Even If this Court had Jurisdiction Over Plaintiffs' Claims, Dismissal is
16              Warranted Because the EPA is A Necessary and Indispensable Party.**

17          Alternatively, Defendants contend this case must be dismissed for failure to add a

18   necessary and indispensable party, namely the EPA, under Federal Rule of Civil

19   Procedure 19.  Plaintiffs again disagree, for the same reasons that they object to

20   Defendants' jurisdictional argument.  Again, however, the Court previously addressed

21   this same issue in <u>California Dump Truck Owners Ass'n</u>, 924 F. Supp. 2d at 1144-1150,

22   ///

23   _____

24          [6] A number of the Regulation's definitions confirm the interstate scope of the regulation.  For
     example, "'Fleet' means one or more vehicles, owned by a person business, or government agency,
25   <u>traveling</u> in California and subject to this regulation."  Cal. Code Regs. tit. 13, § 2025(d)(28) (emphasis
     added).  "'Fleet Owner' means . . . either the person registered as the owner or lessee of a vehicle by the
     California Department of Motor Vehicles (DMV), or its equivalent <u>in another state</u>, province, or country
26   . . . ."  <u>Id.</u>, § 2025(d)(29) (emphasis added).  "'New Fleet' . . . may include new businesses or <u>out-of-state</u>
     businesses that bring vehicles into California for the first time after January 1, 2012."  <u>Id.</u>, § 2025(d)(44)
27   (emphasis added).

28          [7] The Court DENIES without prejudice Defendants' Request for Judicial Notice (ECF No. 35-1)
     because the Court had no need to consider that authority in reaching its decision.

and for the reasons set forth there (which are again fully incorporated here), Defendants'

Motion is GRANTED on this basis as well.

**CONCLUSION**

For the reasons just stated, Defendants' Motion for Judgment on the Pleadings

(ECF No. 33) is GRANTED with leave to amend.  Not later than twenty (20) days

following the date this Order is electronically filed, Plaintiffs may (but are not required to)

file an amended complaint.  If no amended complaint is filed by that date, the complaint

will be dismissed with prejudice upon no further notice to the parties.

IT IS SO ORDERED.

Dated:  October 29, 2014

MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT

11