UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OWNER-OPERATOR INDEPENDENT DRIVERS ASSOCIATION, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>RICHARD W. COREY, in his official capacity as Executive Officer of the California Air Resources Board, et al.,<br><br>Defendants. | No. 2:14-CV-00186-MCE-AC<br><br><br><br>**ORDER** |

Plaintiffs Owner-Operator Independent Drivers Association, Inc. ("OOIDA"), along with a number of individual truck owner-operators (collectively "Plaintiffs"), initiated this action challenging California's enforcement of the "Regulation to Reduce Emissions of Diesel Particulate Matter, Oxides of Nitrogen and Other Criteria Pollutants, from In-Use Heavy-Duty Diesel-Fueled Vehicles" (the "Regulation"). See Cal. Code Regs. tit. 13, § 2025. Presently before the Court is a Motion to Dismiss (ECF No. 42) filed by Defendants Richard W. Corey, in his official capacity as Executive Officer of California's Air Resources Board ("ARB"), Mary D. Nichols, in her official capacity as Chairman of the ARB, and Matt Rodriquez, in his official capacity as Secretary of the California

///

Environmental Protection Agency[1] (collectively "Defendants"). For the reasons that follow, Defendants' Motion is GRANTED in part.[2]

# BACKGROUND[3]

## A.  Implementation of the Regulation

The Regulation became effective January 1, 2012, and applies to both intrastate and interstate owner-operators. Essentially, the Regulation requires 1996-2006 model year vehicles weighing over 14,000 pounds to be either replaced or retrofitted with new technology to comply with state emissions reduction standards. The ARB implemented the Regulation as part of its State Implementation Plan ("SIP"), which is a set of measures intended to enable the state to attain and maintain national ambient air quality standards promulgated pursuant to the Clean Air Act ("CAA") by the federal Environmental Protection Agency ("EPA"). Defs.' Mot., ECF No. 42, at 3-4 (citing 42 U.S.C. §§ 7409(a), 7410(a); Bayview Hunters Point Cmty. Advocates v. Metro. Transp. Comm'n, 366 F.3d 692, 695 (9th Cir. 2004)). States are required to submit their SIPs to the EPA for review and approval. Id. In May 2011, the ARB submitted the Regulation to the EPA to be added to California's SIP. Id. at 5 (citing 76 Fed. Reg. at 40653). Two months later, the EPA proposed approving the regulation, stating, among other things, "[W]e know of no obstacle under Federal or State law in [ARB]'s ability to implement the regulations." 76 Fed. Reg. at 40658. The EPA issued its final rule approving the Regulation on April 4, 2012. Defs.' Mot. at 5 (citing 77 Fed. Reg. 20308 (April 4, 2012) (to be codified at 40 C.F.R. pt. 52)).

---

[1] Plaintiffs erroneously sued Defendant Matt Rodriquez as Matt "Rodriguez."

[2] Having determined that oral argument would not be of material assistance, the Court ordered this matter submitted on the briefing. E.D. Cal. Local R. 230(g).

[3] Unless otherwise indicated, the following facts are taken, largely verbatim, from Plaintiffs' First Amended Complaint ("FAC"). ECF No. 41.

**B.     The instant action**

OOIDA is a non-profit organization comprised of approximately 150,000 truckers residing throughout the United States.  Among its members are owner-operators who reside and/or operate trucking businesses primarily outside of the State of California, but who also conduct some business within the state and are thus required to comply with the Regulation.  According to OOIDA, out of 8,621,853 registered trucks, approximately 6,208,000 are not compliant with the Regulation and must be retrofitted with particulate matter filters to meet California's emissions standards. Older trucks that have not been retrofitted are prohibited from operating on public roadways until they are compliant, and steep fines are imposed on anyone operating in violation of the Regulation.

Plaintiffs aver that bringing their vehicles into compliance with the Regulation would be cost prohibitive, costing tens of thousands of dollars per truck.  OOIDA's members, as with the individual Plaintiffs, made long-term investments (typically at least $150,000 per truck) in equipment that met the then-applicable standards with the expectation they would be able to use those trucks for many years.  Because trucks are purchased with the intent that they be used for decades, many owner-operators have lengthy mortgages on their vehicles.  If interstate owner-operators do not comply with the retrofitting mandates, the resale value of their existing trucks will diminish.  On the other hand, the cost of compliance is so high that, for many, their only other alternative will be to discontinue conducting business in California.

As a result, Plaintiffs initiated this action on December 6, 2013, alleging the Regulation is unconstitutional because it discriminates against out-of-state truckers in violation of the Dormant Commerce Clause.  Defendants answered the Complaint on April 11, 2014, and filed a Motion for Judgment on the Pleadings ("MJOP") on May 15, 2014, which the Court granted with leave to amend.  Plaintiffs then filed the operative FAC, adding new factual allegations and a fourth cause of action regarding Defendants' subsequent enforcement of the Regulation against Plaintiff Jack Cody, d/b/a Cody Transportation.  On approximately October 7, 2014, Cody was issued a citation

penalizing him up to $1,500 per month per vehicle for violating the Regulation. To clear the violation, Cody must pay the penalty and prove his vehicle or fleet has been brought into compliance. Absent compliance, Defendants purportedly may refuse to register or may seize Cody's vehicle(s).

Defendants have now moved to dismiss the FAC on, among other grounds, the same bases raised in their MJOP. For the following reasons, Defendants' instant Motion is GRANTED without leave to amend as to Plaintiffs first through third causes of action. Defendants Motion is also GRANTED with respect to Plaintiffs' fourth cause of action, but that claim is not dismissed, and it is instead transferred to the Ninth Circuit Court of Appeals for adjudication.

## STANDARD[4]

### A. Motion to Dismiss for Lack of Subject Matter Jurisdiction Under Federal Rule of Civil Procedure 12(b)(1)[5]

Federal courts are courts of limited jurisdiction, and are presumptively without jurisdiction over civil actions. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). "[T]he burden of establishing the contrary rests upon the party asserting jurisdiction." Id. Because subject matter jurisdiction involves a court's power to hear a case, it can never be forfeited or waived. United States v. Cotton, 535 U.S. 625, 630 (2002). Accordingly, lack of subject matter jurisdiction may be raised by either party at any point during the litigation, through a motion to dismiss pursuant to Rule 12(b)(1). Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (2006); see also Int'l Union of Operating Eng'rs v. Cnty. of Plumas, 559 F.3d 1041, 1043-44 (9th Cir. 2009).

---

[4] Defendants moved for judgment on the pleadings, but since the motion is jurisdictional it could be construed as having been brought under Rule 12(b)(1). Accordingly, both standards are set forth here. The outcome in this case will be the same under either standard, and, regardless of the procedural mechanism by which Defendants have presented their challenge, this Court is obligated to dismiss the action if at any time it determines it lacks jurisdiction. See Fed. R. Civ. P. 12(h)(3).

[5] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

4

Lack of subject matter jurisdiction may also be raised by the district court sua sponte. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999). Indeed, "courts . . . have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh, 546 U.S. at 514; see Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss the action if subject matter jurisdiction is lacking).

There are two types of motions to dismiss for lack of subject matter jurisdiction: a facial attack and a factual attack. Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp., 594 F.2d 730, 733 (9th Cir. 1979). Thus, a party may either make an attack on the allegations of jurisdiction contained in the nonmoving party's complaint, or may challenge the existence of subject matter jurisdiction in fact, despite the formal sufficiency of the pleadings. Id. When a party makes a facial attack on a complaint, the attack is unaccompanied by supporting evidence, and it challenges jurisdiction based solely on the pleadings. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). If the motion to dismiss constitutes a facial attack, the Court must consider the factual allegations of the complaint to be true, and determine whether they establish subject matter jurisdiction. Savage v. Glendale High Union Sch. Dist. No. 205, 343 F.3d 1036, 1039 n.1 (9th Cir. 2003). In the case of a facial attack, the motion to dismiss is granted only if the nonmoving party fails to allege an element necessary for subject matter jurisdiction. Safe Air for Everyone, 373 F.3d at 1039.

In the case of a factual attack, "no presumptive truthfulness attaches to plaintiff's allegations." Thornill, 594 F.2d at 733 (internal citation omitted). The party opposing the motion has the burden of proving that subject matter jurisdiction does exist, and must present any necessary evidence to satisfy this burden. St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989). If the plaintiff's allegations of jurisdictional facts are challenged by the adversary in the appropriate manner, the plaintiff cannot rest on the mere assertion that factual issues may exist. Trentacosta v. Frontier Pac. Aircraft Ind., Inc., 813 F.2d 1553, 1558 (9th Cir. 1987) (quoting Exch. Nat'l Bank of Chi. v. Touche

Ross & Co., 544 F.2d 1126, 1131 (2d Cir. 1976)).  Furthermore, the district court may review any evidence necessary, including affidavits and testimony, in order to determine whether subject matter jurisdiction exists.  McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988); Thornhill, 594 F.2d at 733.  If the nonmoving party fails to meet its burden and the court determines that it lacks subject matter jurisdiction, the court must dismiss the action.  Fed. R. Civ. P. 12(h)(3).

### B. Motion to Dismiss for Failure to State a Claim under Federal Rule of Civil Procedure 12(b)(6)

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . .claim is and the grounds upon which it rests."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations.  However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. (internal citations and quotations omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).  "Factual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

Furthermore, "Rule 8(a)(2) . . . requires a 'showing,' rather than a blanket assertion, of entitlement to relief."  Twombly, 550 U.S. at 556 n.3 (internal citations and

quotations omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing 5 Charles Alan Wright & Arthur R. Miller, supra, at § 1202). A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

### C.   Leave to Amend

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend). Not all of these factors merit equal weight. Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Eminence Capital, 316 F.3d at 1052. Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (internal citations and quotations omitted).

### ANALYSIS

Plaintiffs contend that the Regulation violates the Dormant Commerce Clause because it discriminates against those owner-operators who reside and/or conduct

7

business primarily outside of the State of California.  According to Defendants, however, Plaintiffs' action fails at the threshold level because: (1) the court of appeals has exclusive jurisdiction over this action; and (2) this suit cannot proceed absent joinder of the EPA, a necessary and indispensable party.  In its prior order granting Defendants' MJOP, this Court agreed based on the Court's reasoning in the materially indistinguishable case, California Dump Truck Owners Ass'n v. Nichols, 924 F. Supp. 2d 1126 (E.D. Cal. 2012).[6]  ECF No. 40.  The only relevant difference between the FAC and the original Complaint is that the FAC now sets forth what Plaintiffs term Cody's "as-applied" challenge (the fourth cause of action), along with all of the original "facial" challenges (the first through third causes of action).  Accordingly, for all of the reasons set forth in the Court's prior order, which is hereby incorporated by reference in its entirety, Defendants' instant Motion is again granted as to each of Plaintiffs' "facial" claims.  Those claims must still be brought initially in the court of appeals, and the EPA continues to be a necessary and indispensable party.  See also Cal. Dump Truck Owners Ass'n v. Nichols, 784 F.3d 500 (9th Cir. 2015).

      Plaintiffs make no real effort to convince the Court otherwise and instead concentrate their opposition efforts on the addition of Cody's "as-applied" claim.  Regardless of whether Cody's individual claim is couched as "facial" or "as-applied," however, it raises substantively identical arguments as those raised in Plaintiff's original causes of action.  Accordingly, like the original Plaintiffs, Cody directly challenges the Regulation and consequently the viability of the SIP.  It follows that Cody's claims, like those previously dismissed, must also be brought in the court of appeals.

      In asking the Court to reach a contrary decision, Plaintiffs argue that: (1) this Court has original jurisdiction over Cody's constitutional claim; (2) Cody's claim is not time-barred; (3) Cody's claim was not ripe until he was cited and fined; (4) the EPA could

///

---

[6] The Court's decision in California Dump Truck was affirmed on appeal.  Cal. Dump Truck Owners Assoc. v. Nichols, 784 F.3d 500 (9th Cir. 2015).

not "federalize" a violation of the Commerce Clause;[7] and (5) requiring Cody to file suit in the court of appeal will immunize ARB entirely from any as-applied constitutional challenge. These arguments are not persuasive.

First, while it is unremarkable that the Court typically has jurisdiction over a constitutional claims, in this instance "the practical objective of the [Plaintiffs'] suit is to nullify the SIP and challenge the EPA's legal determination regarding its validity. Thus, it is the type of action to which § 307(b)(1) [of the Clean Air Act] applies." Cal. Dump Truck Owners Assoc., 784 F.3d at 510. Since section 307(b)(1) applies, original jurisdiction is in the court of appeals. See 42 U.S.C. § 7607(b)(1). Second, the issues of whether Plaintiffs' suit is barred by the 60-day limits set forth in section 307(b)(1) or when any of those claims became ripe are not before the Court. The dispositive issue before the Court is where this suit should be brought, not whether Plaintiffs' claims will be deemed timely when filed in the correct venue. Third, even if Plaintiffs prove correct that the EPA was without the power to approve and implement a regulation that violated the Commerce Clause, that argument goes to the merits of Plaintiffs' claims, and is thus beyond the scope of the instant motion. Finally, Plaintiffs' argument that dismissal will essentially result in immunizing ARB from enforcement suits is flawed because it assumes a 60-day time bar. This Court expressly refuses to reach the question of whether Plaintiffs' claims are timely and simply requires that the timeliness question, along with all others, be presented to the appropriate body. Cody's claims, like the original claims belonging to the other Plaintiffs, should be been initiated in the court of appeal.

That said, Plaintiffs' argument that this matter should be transferred as opposed to dismissed, is well taken, at least in part. See Cal. Dump Truck Owners Ass'n, 784 F.3d at 513 n.13 (citing 28 U.S.C. § 1631). Section 1631 states:

---

[7] As to this argument, Plaintiffs primarily appear to be arguing that the EPA lacks authority to approve violations of the commerce clause. This argument is discussed below. To the extent Plaintiffs' argument can be interpreted to challenge whether the SIP has the force and effect of federal law, however, that argument has been considered and rejected by the Ninth Circuit. Cal. Dump Truck Owners Assoc., 784 F.3d at 505 n.6.

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

Plaintiffs' original claims must be dismissed because they present challenges to the final action of the EPA filed more than 60 days after the agency issued its decision, and thus jurisdiction would not lie in the appellate court. See Cal. Dump Truck Owners Ass'n, 784 F.3d at 504 (noting it had dismissed the parties' petition for review "because it was not filed within 60 days of the EPA's notice of final rule, as required by [42 U.S.C. § 7607(b)]"). As such, Plaintiffs' first through third causes of action are DISMISSED without leave to amend. The Court nonetheless considers whether transfer of Plaintiffs' fourth cause of action is warranted.[8]

Cody's claims do not necessarily appear to be time-barred by the 60-day limit in 42 U.S.C. § 7607(b) since the FAC adding his claims was filed approximately 42 days after Cody was cited. See Pls.' Opp., ECF No. 46, at 19 (citing § 7607(b) for the proposition that "if [a] petition is based solely on grounds arising after such sixtieth day, then any petition for review under this subsection shall be filed within sixty days after such grounds arise.")). Accordingly, the only question that remains is whether transfer is

---

[8] The Court is cognizant that authorities are split as to whether individual claims as opposed to an entire action may be transferred. See Johnson v. Mitchell, No. 2:10-cv-1968-GEB-GGH-PS, 2012 WL 2446098, *6 (E.D. Cal. June 26, 2012) (discussing circuit split). The Ninth Circuit has yet to expressly weigh in, although it has implicitly permitted partial transfers. See id. (citing Baeta v. Sonchik, 273 F.3d 1261, 1264 (9th Cir. 2001); Nelson v. Int'l Paint Co., 716 F.2d 640, 642 (9th Cir. 1983)). Technically, here, because the remainder of Plaintiffs' causes of action have already been dismissed with prejudice, the Court is not really considering the transfer of individual claims. To the contrary, it is considering the transfer of the entire "action" that remains before it. However, to the extent the Court's resolution could be viewed as a partial transfer, it hereby agrees with those courts that have allowed transfer of individual causes of actions. See United States v. County of Cook, Ill., 170 F.3d 1084, 1089 (Fed. Cir. 1999) ("It would indeed be a curious result that a district court could transfer an action under § 1631 containing a single claim over which it lacked jurisdiction but could not transfer that claim if the claimant made an additional claim in his action over which the court did have jurisdiction."). Moreover, "in the event a Rule 21 severance is technically required before transfer of individual claims so as to result in the transfer of an 'action,' the court has no difficulty doing so here." Johnson, 2012 WL 2446098, at *6.

in the interest of justice. "When determining whether transfer is in the interest of justice, courts have considered whether the failure to transfer would prejudice the litigant, whether the litigant filed the original action in good faith, and other equitable factors." Cruz-Aguilera v. INS, 245 F.3d 1070, 1074 (9th Cir. 2001). "[N]ormally transfer will be in the interest of justice because . . . dismissal of an action that could be brought elsewhere is time-consuming and justice defeating." Baeta v. Sonchik, 273 F.3d 1261, 1264-65 (9th Cir. 2001) (internal citations and quotations omitted). This principle is all the more applicable if a claim will be time-barred upon dismissal. Id.

Justice will be served by transfer here, not only because Cody's claim would likely be time-barred if dismissed, but also because the complicated interplay of state and federal law raised unique jurisdictional questions in this procedural posture. The Court is highly sympathetic to the position in which many of OOIDA's members find themselves, where they, primarily small business owners, are being required to expend thousands of dollars just to continue operating in California. Dismissal of Cody's claim would thus likely leave him without recourse to challenge the Regulation at great prejudice. Moreover, the unusual circumstances leading to his instant challenge (i.e., enforcement by a state agency of a federalized state regulation) make his choice of court reasonable, even if improper. Accordingly, Plaintiffs' first through third causes of action (i.e., their "facial" claims) are DISMISSED without leave to amend, and Plaintiffs' fourth cause of action (i.e., Cody's "as-applied" claim) is TRANSFERRED to the Ninth Circuit Court of Appeals.[9]

---

[9] Plaintiffs request that the case be transferred to the District of Columbia Circuit because California's Regulation has "nationwide effects." Pls.' Opp. at 18. Pursuant to 42 U.S.C. § 7607(b), petitions for review "which [are] locally or regionally applicable may be filed only in the United States Court of Appeals for the appropriate circuit," while "a petition for review of any action . . . may be filed only in the United States Court of Appeals for the District of Columbia if such action is based on a determination of nationwide scope or effect and if in taking such action the Administrator finds and publishes that such action is based on such a determination." Plaintiff's argument improperly focuses on the "nationwide effects" language and ignores the requirement that the Administrator must find and publish such a determination. In this case, the Administrator did not publish such a finding. Instead, it directed that "[u]nder section 307(b)(1) of the Clean Air Act, petitions for judicial review of this action must be filed in the United States Court of appeals for the appropriate circuit," as opposed to in the District of Columbia Circuit only. 77 Fed. Reg. 20308-01, 20313. Plaintiffs' argument is thus rejected.

**CONCLUSION**

Defendants' Motion to Dismiss (ECF No. 42) is GRANTED without leave to amend as to Plaintiffs' first, second and third causes of action. The remainder of this case is TRANSFERRED to the Ninth Circuit Court of Appeals for adjudication of Plaintiffs' fourth cause of action, and the Clerk of the Court is thereafter directed to close this matter.

IT IS SO ORDERED.

Dated: July 8, 2015

MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT